# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

BARBARA DIFFENDAL,

      Petitioner,

v.                                           Case No: 8:11-cv-2483-T-27TGW

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

      Respondents.

_____/

## ORDER

Petitioner, Barbara Diffendal, an inmate in the Florida penal system proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Dkt. #1).  The Court has considered the Petition, Respondent's Response (Dkt. # 12), and Petitioner's Reply (Dkt. # 15).   Upon review, the Court determines that the Petition should be **DENIED**.

## BACKGROUND

On July 31, 2009, Petitioner entered into a negotiated plea agreement, pleading guilty to DUI manslaughter leaving the scene of a crash, and was sentenced to thirteen (13) years in state prison.  Petitioner did not appeal her plea based judgment.  On August 6, 2010, Petitioner filed a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, in which she alleged seven claims of ineffective assistance of

counsel.  On May 11, 2011, the trial court summarily denied the petition.  On August 30, 2011, the Fifth District Court of Appeal per curiam affirmed the trial court's denial of post conviction relief.

Petitioner timely filed the instant federal Habeas Petition on November 1, 2011. (Dkt. 1).  Petitioner raises four claims that defense counsel was ineffective for failing to:

1. challenge the charge of DUI causing death without rendering aid- alcohol;

2. challenge the charge of DUI causing death without rendering aid- cocaine;

3. investigate a recall on the automobile involved in the accident; and

4. adequately present mitigating circumstances at sentencing.

## STANDARD OF REVIEW

Petitioner asserts ineffective assistance of counsel.  Where a claim of ineffective assistance of counsel is made, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  See *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Deficient performance is performance that is objectively unreasonable under the prevailing professional norms.  See *id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694. The Eleventh Circuit has held that "[w]hen applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."  *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998).

Under *Strickland*, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Waters v. Thomas*,

46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting *Rogers v. Zant*, 13 F.3d 384, 386

(11th Cir. 1994)).

> The test has nothing to do with what the best lawyers would have done. Nor
> is the test even what most good lawyers would have done.  We ask only
> whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial…We are not interested in
> grading lawyers' performances; we are interested in whether the adversarial
> process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992).

When a petitioner has previously entered a plea of guilty, in order to satisfy the

prejudice requirement in *Strickland*, the petitioner "must show that there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have

insisted on going to trial." *Hill v. Lockhart*, 473 U.S. 53, 59 (1985).  To determine whether

there is a reasonable probability that the petitioner would have insisted on going to trial, a

court should consider "the totality of the circumstances surrounding the plea." *Grosvenor*

*v. State*, 875 So. 2d 1176, 1181 (Fla. 2004).  This includes factors such as whether a

particular defense was likely to succeed at trial, the difference between the sentence

imposed and the maximum sentence petitioner faced at trial, and the colloquy between the

petitioner and the trial court at the time the plea was entered.  See *id.*

## DISCUSSION

### Claims One, Two, and Three

In claim one, Petitioner asserts that her defense counsel was ineffective because he

failed to challenge the charge of DUI causing death without rendering aid- alcohol.  (Dkt.

1).  Petitioner argues that the State did not prove that she met the elements of a DUI because

her blood alcohol content (BAC) was under the legal limit.  (Dkt. 1).  Respondents assert that Petitioner fails to meet the burden of *Strickland* because she (1) fails to identify particular acts or omissions of trial counsel and (2) fails to allege that but for trial counsel's errors, she would not have pleaded guilty and would have insisted on going to trial.  (Dkt. 15).

In claim two, Petitioner asserts that her defense counsel was ineffective because he failed to challenge the charge of DUI causing death without rendering aid- cocaine.  (Dkt. 1).  Petitioner argues that the State did not prove that she was impaired and that the mere presence of cocaine in her blood was insufficient to establish that she was under the influence of the drug.  (Dkt. 1).  Further, Petitioner argues that the State's scientist, Hays, used an incorrect base number in his deposition to establish the fact that she was impaired.  (Dkt. 1).  Respondents assert that Petitioner's claim is conclusory and that she fails to demonstrate either deficient performance or resulting prejudice.  (Dkt. 12).  Additionally, Respondents argue that Hays corrected his error in an errata sheet and his conclusion that she was under the influence of drugs did not change.  (Dkt. 12).

In claim three, Petitioner asserts that her defense counsel was ineffective because he failed to investigate a recall on the automobile Petitioner was driving in the accident.  (Dkt. 1).  Petitioner argues that she had a right for her counsel to investigate all mitigating circumstances, and that her defense counsel could have had a mechanical engineer look at her car to determine if the recalled part could have affected her car.  (Dkt. 1).  Respondents assert that Petitioner fails to establish the second prong of *Strickland* and does not

demonstrate that but for counsel's alleged failure to investigate a recall, there was a reasonable probability that Petitioner would have insisted on going to trial.  (Dkt. 12).

All of these claims are procedurally barred because Petitioner entered a guilty plea. Petitioner's plea agreement contains the language; "I am waiving my right to require the state to prove the truth of the charge(s), including each element thereof, beyond and to the exclusion of every reasonable doubt before I can be found guilty."   H-2008-42085. Additionally, Petitioner is challenging matters that are factual. The Eleventh Circuit has held that a defendant who "enters an unconditional plea of guilty waives all non-jurisdictional challenges to the conviction."  *U.S. v. Betancourth*, 554 F.3d 1329, 1332 (11th Cir. 2009).  A defendant's fact-based challenge is a non-jurisdictional claim, and is consequently waived by a guilty plea.  *U.S. v. Fairchild*, 803 F.2d 1121 (11th Cir. 1986). Therefore, claims one, two, and three must be summarily denied.

Even if claims one, two, and three were not procedurally barred, they would fail on the merits under *Strickland*.  By way of explanation to Petitioner, the Court will discuss the merits.  In raising an ineffective assistance of counsel claim, "the defendant has the burden of alleging a specific, serious omission or overt action upon which the claim…can be based." *Kilgore v. State*, 55 So. 3d 487, 512 (Fla. 2010).  Further, in order to succeed on one of these claims, Petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.  In this case, Petitioner has not identified a specific act or omission of her trial counsel; she has also not demonstrated that the strategy she suggests would have been successful at trial.

Claim three must additionally be denied because it is pure conjecture on Petitioner's part. She has not brought forth any evidence to prove that the part that was involved in the recall malfunctioned on her car or caused her accident. Without evidence, these allegations are conclusory. Allegations that are vague and conclusory are insufficient to warrant relief in habeas proceedings. See *Miles v.* Crosby, 813CV1856T24MAP, 2005 WL 1459395 (M.D. Fla. June 18, 2005); *Bradley v. State*, 33 So. 3d 664, 685 (Fla. 2010).

**Claim Four**

In claim four, Petitioner asserts that her defense counsel was ineffective because he failed to adequately present mitigating circumstances at sentencing. (Dkt. 1). Petitioner argues that she was not made aware that the plea agreement she entered into involved pleading guilty. (Dkt. 1). Petitioner contends that her counsel did not tell her that she was to plead guilty as opposed to no contest until right before sentence was entered. (Dkt. 1). Petitioner claims her counsel was deficient because she did not have the opportunity to speak to the court or family and that she was prejudiced because the State had not proven her guilty of a DUI. (Dkt. 1). If counsel had represented her to the fullest, she contends she would not have taken the plea deal, and would be out of jail by now. (Dkt. 1).

This claim has no merit. First, in Petitioner's plea agreement, entered on July 31, 2009, she specifically circled that she was entering a plea of "guilty." H-2008-42085. Second, during sentencing, the Court asked Petitioner "[s]o you understand though that by entering this plea of guilty…" to which Petitioner replied "[y]es." (Dkt. 5). Again, during sentencing, the Court asked Petitioner "do you understand what it means to enter a plea of guilty?" to which Petitioner replied "[y]es." (Dkt. 5). And, during sentencing, the Court

outlined Petitioner's plea agreement stating, "you will be adjudicated guilty." (Dkt. 5).  It is clear from the plea agreement and sentencing proceedings that Petitioner was well aware that she was pleading guilty.

On her claim that she would have gone to trial rather than plead guilty, courts should consider whether a defense was likely to succeed at trial, the difference between the sentence imposed and the maximum sentence faced at trial, and the colloquy with the petitioner at the time the plea was entered. *Grosvenor*, 875 So.2d at 1181.  In this instance, Petitioner is asserting that she would have succeeded at trial because the State did not prove that she was actually under the influence at the time of the accident. (Dkt. 1).  Of course, the State never had to prove the charge because she entered into a plea agreement.  Further, the difference between the sentence imposed and the maximum sentence faced at trial is vast.  Petitioner received thirteen (13) years incarceration in the DOC and she faced up to thirty (30) years had she gone to trial.  The State had evidence that she had a combination of alcohol and cocaine in her system when she lost control of her vehicle, drove across the median and into the victim's car, killing her. She then left the scene.  It is evident, based on the circumstances, why her counsel thought it unwise for Petitioner to go to trial.

There is a further deficiency in establishing prejudice.  Petitioner has not shown that, had she entered a plea of no contest, the results of her sentencing would have been different.  Therefore, Petitioner has demonstrated neither deficiency nor prejudice and her claims must be denied.

## CONCLUSION

For the reasons set forth above, Petitioner's claims are either procedurally barred or without merit, and will be **DENIED**.

It is therefore ORDERED AND ADJUDGED that:

1.      The Petition for Writ of Habeas Corpus (Dkt. #1) is **DENIED**.

2.      The Clerk is directed to enter judgment in favor of Respondents and against Petitioner, terminate any pending motions, and close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability.  *Id.*  "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id*. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal *in forma pauperis*.

DONE AND ORDERED this 31st day of July, 2014, at Tampa, Florida.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel/Parties of Record